IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| GRANGE MUTUAL CASUALTY COMPANY,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>)<br>BROCK BUILT HOMES, LLC, LANDMARK  )<br>PARTNERS, LLC, BRYAN PONDER,  )<br>SCOTT SHELTON and SHARON  )<br>SHELTON,  )<br>)<br>)<br>)<br>Defendants.  )<br>)<br>)  | **CIVIL ACTION**<br><br>**File No. 1:12-CV-03295-SCJ** |

_____

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF**

**DEFENDANTS BROCK BUILT HOMES, LLC, LANDMARK PARTNERS,**

**LLC AND BRYAN PONDER**

DEFENDANTS BROCK BUILT HOMES, LLC, LANDMARK PARTNERS, LLC AND BRYAN PONDER (Defendants) hereby Answer the Complaint filed in the above entitled action by PLAINTIFF GRANGE MUTUAL CASUALTY COMPANY (Plaintiff), and affirmatively allege, as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

2. Answering Paragraph 2 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

3. Answering Paragraph 3 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

4. Answering Paragraph 4 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

5. Answering Paragraph 5 of Plaintiff's Complaint, these Answering Defendants admit only that Scott Shelton has asserted claims against Brock, Landmark and Ponder in a lawsuit pending in the Superior Court of Cobb County, Georgia.  Except as expressly admitted, these Answering Defendants are without sufficient information or belief to admit or deny the allegations in said paragraph, and on that basis, Defendants deny generally and specifically each, every and all of the allegations of said paragraph that have not been expressly admitted.

6. Answering Paragraph 6 of Plaintiff's Complaint, these Answering Defendants admit only that Sharon Shelton has asserted claims against Brock, Landmark and Ponder in a lawsuit pending in the Superior Court of Cobb County, Georgia. Except as expressly admitted, these Answering Defendants are without sufficient information or belief to admit or deny the allegations in said paragraph, and on that basis, Defendants deny generally and specifically each, every and all of the allegations of said paragraph that have not been expressly admitted.

7. Answering Paragraph 7 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

8. Answering Paragraph 8 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

9. Answering Paragraph 9 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

10. Answering Paragraph 10 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

11. Answering Paragraph 11 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

12. Answering Paragraph 12 of Plaintiff's Complaint, these Answering Defendants deny generally and specifically each, every and all of the allegations set

forth in said paragraph.

13.     Answering Paragraph 13 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

14.     Answering Paragraph 14 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

15.     Answering Paragraph 15 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

16.     Answering Paragraph 16 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

17.     Answering Paragraph 17 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

18. Answering Paragraph 18 of Plaintiff's Complaint, these Answering Defendants admit the allegations of said paragraph.

19. Answering Paragraph 19 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

20. Answering Paragraph 20 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

21. Answering Paragraph 21 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

22. Answering Paragraph 22 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

23. Answering Paragraph 23 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

24. Answering Paragraph 24 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

25. Answering Paragraph 25 of Plaintiff's Complaint, these Answering Defendants admit only that the stated allegations were alleged by the Sheltons in their Complaint, but these Answering defendants have denied the substantive allegations of the Sheltons' Complaint and have denied any liability to the Sheltons.

26. Answering Paragraph 26 of Plaintiff's Complaint, these Answering Defendants admit the allegations set forth in said paragraph.

27. Answering Paragraph 27 of Plaintiff's Complaint, these Answering Defendants admit the allegations set forth in said paragraph.

28. Answering Paragraph 28 of Plaintiff's Complaint, these Answering Defendants admit the allegations set forth in said paragraph.

29. Answering Paragraph 28 of Plaintiff's Complaint, these Answering Defendants admits the allegations set forth in said paragraph.

30. Answering Paragraph 30 of Plaintiff's Complaint, these Answering Defendants admit the allegations set forth in said paragraph.

31. Answering Paragraph 31 of Plaintiff's Complaint, these Answering Defendants admit the allegations set forth in said paragraph.

32. Answering Paragraph 32 of Plaintiff's Complaint, because the allegations of this Paragraph do not include any allegations of fact, but alleged only an asserted statement of law, these Answering Defendants are unable to admit or deny said allegations, and based thereon, the stated allegations are denied in their entirety.

33. Answering Paragraph 33 of Plaintiff's Complaint, these Answering Defendants admit only that the policy of insurance includes the alleged language, but deny that the alleged language is applicable to this action or the action filed by the Sheltons.

34. Answering Paragraph 34 of Plaintiff's Complaint, these Answering Defendants admit only that the policy of insurance includes the alleged language, but deny that the alleged language is applicable to this action or the action filed by the Sheltons.

35. Answering Paragraph 35 of Plaintiff's Complaint, these Answering Defendants admit only that the policy of insurance includes the alleged language, but deny that the alleged language is applicable to this action, or the action filed by the Sheltons.

36. Answering Paragraph 36 of Plaintiff's Complaint, because the allegations of this Paragraph do not include any allegations of fact, but alleged only an asserted statement of law, these Answering Defendants are unable to admit or deny said allegations, and based thereon, the stated allegations are denied in their entirety.

37. Answering Paragraph 37 of Plaintiff's Complaint, because the allegations of this Paragraph do not include any allegations of fact, but alleged only an asserted statement of law, these Answering Defendants are unable to admit or deny said allegations, and based thereon, the stated allegations are denied in their entirety.

38. Answering Paragraph 38 of Plaintiff's Complaint, because the allegations of this Paragraph do not include any allegations of fact, but alleged only an asserted statement of law, these Answering Defendants are unable to admit or deny said allegations, and based thereon, the stated allegations are denied in their entirety.

39. Answering Paragraph 39 of Plaintiff's Complaint, these Answering Defendants admit only that the policy of insurance includes the alleged language, but deny that the alleged language is applicable to this action, or the action filed by the

Sheltons.

40. Answering Paragraph 40 of Plaintiff's Complaint, these Answering Defendants admit only that the policy of insurance includes the alleged language, but deny that the alleged language is applicable to this action, or the action filed by the Sheltons.

41. Answering Paragraph 41 of Plaintiff's Complaint, these Answering Defendants admit only that the policy of insurance includes the alleged language, but deny that the alleged language is applicable to this action, or the action filed by the Sheltons.

42. Answering Paragraph 42 of Plaintiff's Complaint, these Answering Defendants admit the allegations set forth in said paragraph.

43. Answering Paragraph 43 of Plaintiff's Complaint, these Answering Defendants deny generally and specifically each, every and all of the allegations set forth in said paragraph.

44. Answering Paragraph 44 of Plaintiff's Complaint, these Answering Defendants are without sufficient information or belief to admit or deny the allegations in said paragraph, and on that basis, Defendants deny generally and specifically each, every and all of the allegations of said paragraph.

45. Answering Paragraph 45 of Plaintiff's Complaint, because the allegations of this Paragraph do not include any allegations of fact, but alleged only an asserted statement of law, these Answering Defendants are unable to admit or deny said allegations, and based thereon, the stated allegations are denied in their entirety.

46. Answering Paragraph 46 of Plaintiff's Complaint, these Answering Defendants deny generally and specifically each, every and all of the allegations set forth in said paragraph.

47. Answering Paragraph 47 of Plaintiff's Complaint, because the allegations of this Paragraph do not include any allegations of fact, but alleged only an asserted statement of law, these Answering Defendants are unable to admit or deny said allegations, and based thereon, the stated allegations are denied in their entirety.

48. Answering Paragraph 48 of Plaintiff's Complaint, because the allegations of this Paragraph do not include any allegations of fact, but alleged only an asserted statement of law, these Answering Defendants are unable to admit or deny said allegations, and based thereon, the stated allegations are denied in their entirety.

49. Answering Paragraph 49 of Plaintiff's Complaint, because the allegations of this Paragraph do not include any allegations of fact, but alleged only an asserted statement of law, these Answering Defendants are unable to admit or deny said allegations, and based thereon, the stated allegations are denied in their entirety.

50. Answering Paragraph 50 of Plaintiff's Complaint, because the allegations of this Paragraph do not include any allegations of fact, but alleged only an asserted statement of law, these Answering Defendants are unable to admit or deny said allegations, and based thereon, the stated allegations are denied in their entirety.

51. Answering Paragraph 51 of Plaintiff's Complaint, these Answering Defendants deny generally and specifically each, every and all of the allegations set forth in said paragraph.

52. Answering Paragraph 52 of Plaintiff's Complaint, these Answering Defendants deny generally and specifically each, every and all of the allegations set forth in said paragraph.

## FIRST AFFIRMATIVE DEFENSE

[Failure to State a Claim for Relief]

53. Plaintiff's action is barred on the grounds that the Complaint fails to state a claim upon which relief may be granted in that there exists no actual or justiciable controversy as required under 28 U.S.C. §2201.

## SECOND AFFIRMATIVE DEFENSE

[Unclean Hands for Failure to Afford Adequate Defense of Shelton Action]

54. Plaintiff's action is barred based upon its unclean hands in failing to afford an adequate defense to these Answering Defendants in response to the

Shelton Complaint and the Cobb County Superior Court action alleged in Plaintiff's Complaint in order to satisfactorily resolve said action, and instead initiating this action for alleged Declaratory Judgment, .

WHEREFORE, Defendants Brock Built Homes, LLC, Landmark Partners, LLC and Bryan Ponder, having fully answered Plaintiff's Complaint, and alleged affirmative defenses thereto, hereby pray that this Honorable Court:

1. Determine that no actual controversy exists between the parties and that the action be dismissed in its entirety, or alternatively,

2. That this Court award judgment in favor of all of Brock Built Homes, LLC, Landmark Partners, LLC and Bryan Ponder, jointly and severally, on Plaintiff's Complaint;

3. That Defendants Brock Built Homes, LLC, Landmark Partners, LLC and Bryan Ponder be awarded their costs of suit incurred; and

4. That Defendants Brock Built Homes, LLC, Landmark Partners, LLC and Bryan Ponder be awarded such other and further relief as this Court may be deem just and proper.

Dated: October 25, 2012                    Respectfully submitted,


                                           /s/ *Jeffrey D. Diamond*
                                           JEFFREY D. DIAMOND
                                           Georgia Bar No. 599994
                                           Attorney for Defendants Brock Built Homes, LLC, Landmark Partners, LLC and Bryan Ponder

Jeffrey D. Diamond
Law Offices of Jeffrey D. Diamond
3330 Cumberland Boulevard, Suite 600
Atlanta, Georgia 30339
(404) 814-0000 (Telephone)
(404) 816-8900 (Fax)
[jdiamond@diamlaw.com](mailto:jdiamond@diamlaw.com)

## CERTIFICATE OF SERVICE

The foregoing **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANTS BROCK BUILT HOMES, LLC, LANDMARK PARTNERS, LLC AND BRYAN PONDER** was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Jonathan J. Kandel, Esq.
Philip W. Savarin, Esq.
Seth F. Kirby, Esq.
Freeman Mathis & Gary LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339

Attorneys for Plaintiff Grange Mutual Casualty Company

This 25th day of October, 2012.

Respectfully submitted,

/s/ *Jeffrey D. Diamond*
Jeffrey D. Diamond
Georgia Bar No. 599994
Attorney for Defendants Brock Built Homes, LLC, Landmark Partners, LLC and Bryan Ponder

Jeffrey D. Diamond
Law Offices of Jeffrey D. Diamond
3330 Cumberland Boulevard, Suite 600
Atlanta, Georgia 30339
(404) 814-0000 (Telephone)
(404) 816-8900 (Fax)
jdiamond@diamlaw.com